**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| L.B. BENON FAMILY LIMITED PARTNERSHIP, BENON MARITAL TRUST, HASSON FAMILY TRUST, GREENS FAMILY LIMITED PARTNERSHIP, INDIVIDUALLY AND ON BEHALF OF MERCANTILE BUILDING COUNCIL OF CO-OWNERS, | § § § § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | **CIVIL ACTION NO. 5:21-cv-01115-XR** |
| N.F. MGT, INC., MERCANTILE MANAGER LLC, TEXAS NAME MERCANTILE INVESTMENT LLC, TEXAS NAME INVESTMENT CORPORATION, DELAWARE NAME INVESTMENT CORPORATION, TEXAS NAME CORPORATION (CAYMAN ISLANDS), TEXAS NAME CORPORATION (BRITISH VIRGIN ISLANDS), TEJAS FRONTERA LAND COMPANY, TEXAS NORMANDIE CORP., ANUAR NAME YAPUR, JESÚS NAME YAPUR, SIMÓN NAME YAPUR, DANIELA REYNOSO, MERCANTILE BUILDING COUNCIL OF CO-OWNERS, AND DOES 1-100 | § § § § § § § § § § § § § § § § § § § | **JURY TRIAL DEMANDED** |
| *Defendants* | § | |

<u>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'**</u>
<u>**VERIFIED THIRD AMENDED COMPLAINT**[1]</u>

Defendants, N.F. MGT., INC. ("N.F. Mgt."), TEXAS NAME MERCANTILE

INVESTMENT, LLC ("Texas Name Mercantile"), TEXAS NAME LIMITED, L.P., ("Texas

---

[1] Defendants' Answer and Affirmative Defenses to Plaintiffs' Verified Third Amended Complaint is subject to (i) the Court's Order issued on November 7, 2022 regarding [Doc. 40] Defendants, Texas Name Mercantile's and N.F. Mgt.'s Motion to Dismiss Plaintiffs' Second Amended Complaint, and (ii) Defendants' pending Motion for Partial Dismissal of Plaintiff's claims asserted in Plaintiffs' Verified Third Amended Complaint [Doc. 90].

Name Limited"), ANUAR NAME YAPUR, JESÚS NAME YAPUR, and SIMÓN NAME YAPUR (collectively, "Defendants"), hereby file Defendants' Answer and Affirmative Defenses to Plaintiffs' Verified Third Amended Complaint [Doc. 71] subject to the (i) Court's Order issued on November 7, 2022 regarding [Doc. 40] Defendants, Texas Name Mercantile's and N.F. Mgt.'s Motion to Dismiss Plaintiffs' Second Amended Complaint [Doc. 32] (the "2022 Order on the Motion to Dismiss"), and (ii) Defendants' pending Motion for Partial Dismissal of Plaintiff's claims asserted in Plaintiffs' Verified Third Amended Complaint [Doc. 90].

      1.      The first and second sentences of Paragraph 1 do not require a response from Defendants.[2]

---

[2] With respect to footnote 1 of Plaintiffs' Verified Third Amended Complaint regarding the Court's previous dismissal of the following causes of action in this case [Doc. 40]:

    (i)      Defendants admit that the Court previously dismissed Plaintiffs' breach of contract/promissory estoppel claim against Texas Name Mercantile;

    (ii)     Defendants admit that the Court previously dismissed Plaintiffs' breach of fiduciary duty claims against both Texas Name Mercantile and N.F. Mgt., in each their respective individual capacities and as *alter ego/agent* of the other;

    (iii)    Defendants admit that the Court previously dismissed Plaintiffs' third-party beneficiary breach of contract claim against Texas Name Mercantile in its individual capacity and *as alter ego/agent* of N.F. Mgt. Defendants deny the implication in subparagraph (iii) of footnote 1 of Plaintiffs' Verified Third Amended Complaint that Plaintiffs have a surviving claim against Texas Name Mercantile for third-party breach of contract in its capacity as *alter ego/agent* of N.F. Mgt.

    (iv)    Defendants admit that the Court previously dismissed Plaintiffs' third-party beneficiary breach of contract claim against N.F. Mgt. in its capacity *as alter ego/agent* of Texas Name Mercantile. Defendants deny that the Court previously dismissed Plaintiffs' third-party beneficiary breach of contract claim against N.F. Mgt. in its individual capacity. Defendant admits that Plaintiffs' third-party beneficiary breach of contract claim against N.F. Mgt. in its individual capacity is Plaintiffs' only cause of action that survived Defendants, Texas Name Mercantile's and N.F. Mgt.'s Motion to Dismiss Plaintiffs' Second Amended Complaint [Doc. 32].

The remainder of footnote 1 of Plaintiffs' Verified Third Amended Complaint does not require a response from Defendants.

## I.  SUMMARY

2.      Defendants admit that Plaintiffs, in their collectively capacities, exclusively own Unit 1 in The Mercantile Building (A Condominium), a commercial condominium project located at 40 NE Loop 410, San Antonio, Bexar County, Texas 78216 (the "Condominium Project").  Defendants admit that Plaintiffs have an exclusive right to Unit 1, including, without limitation, as set forth in Section 2 of the Condominium Declaration dated July 23, 1982 and recorded in Volume 9, Page 27 of the Real Property Records of Bexar County, Texas (the "Declaration").  Defendants admit that Defendants have no right, title, or interest in any portion of Unit 1. Defendants admit that Texas Name Mercantile exclusively owns Units 2, 3, 4, 5, 6, and 7 in the Condominium Project.   Defendants admit that Texas Name Mercantile has an exclusive right to Units 2, 3, 4, 5, 6, and 7, including, without limitation, as set forth in Section 2 of the Condominium Declaration.  Defendants admit that Plaintiffs have no right, title, or interest in any portion of Units 2, 3, 4, 5, 6, and 7.  Defendants admit that Texas Name Mercantile owns an undivided 75.535% interest and Plaintiffs, collectively, own an undivided 24.465% in *only* the Common Elements of the Condominium Project.  Defendants deny the existence of any landlord-tenant relationship between Plaintiffs and Defendants.   Defendants deny all other expressed and implied allegations contained in Paragraph 2.

3.      Defendants deny that Plaintiffs and Defendants "co-own" the Units or any other portion the Condominium Project excepting only the 75.535% and 24.465% undivided percentage interests in the Common Elements respectively owned by Texas Name Mercantile and Plaintiffs.  Defendants deny the existence of any landlord-tenant relationship between Plaintiffs and Defendants.   Defendants deny all other expressed and implied allegations contained in Paragraph 3.

4.      Defendants deny that Plaintiffs and Defendants "co-own" the Units or any other portion the Condominium Project excepting only the 75.535% and 24.465% undivided percentage interests in the Common Elements respectively owned by Texas Name Mercantile and Plaintiffs.  Defendants deny the existence of any landlord-tenant relationship between Plaintiffs and Defendants.  Defendants deny all other expressed and implied allegations contained in Paragraph 4.

5.      Defendants deny all expressed and implied allegations contained in Paragraph 5.

6.      Defendants deny all expressed and implied allegations contained in  Paragraph 6.

## II.    PARTIES

### A.    PLAINTIFFS

7.      Defendants do not presently possess information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 7.

8.      Defendants do not presently possess information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 8.

9.      Defendants do not presently possess information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 9.

10.      Defendants do not presently possess information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 10.

11.      Paragraph 11 does not require a response from Defendants.

### B.    DEFENDANTS

12.      Defendants admit the allegations in Paragraph 12.

13.      Defendants deny that Mercantile Manager LLC is a proper party to this suit. Defendants admit that Plaintiffs filed Plaintiffs' Unopposed Motion for Voluntary Dismissal

Without Prejudice of Plaintiffs' Claims Against Daniela Reynoso and Mercantile Manager LLC [Doc. 73]. Defendants admit all other allegations in Paragraph 13.

14.    Defendants deny that Texas Name Limited, L.P. is a proper party to this suit. Defendants admit all other allegations in Paragraph 14.

15.    Defendants admit that Texas Name Mercantile Investment LLC is a Delaware limited liability company and is registered with the Texas Secretary of State of the State of Texas to transact business in the State of Texas. Defendants admit that the principal office address of Texas Name Mercantile Investment LLC is 40 NE Loop 410, Suite 610, San Antonio, Texas 78216. The sole member of Texas Name Mercantile Investment LLC was organized and is a validly existing limited liability company in the State of Texas. Defendants admit that Texas Name Mercantile Investment LLC filed a Motion to Dismiss Plaintiffs' Second Amended Complaint [Doc. 32], and all of Plaintiffs' claims asserted against Texas Name Mercantile Investment LLC in Plaintiffs' Second Amended Complaint were subsequently dismissed by Order of the Court [Doc. 40]. Defendants deny all other expressed and implied allegations contained in Paragraph 15.

16.    Defendants deny that Texas Name Investment Corporation is a proper party to this suit. Defendants admit that Plaintiffs filed Plaintiffs' Notice of Dismissal Without Prejudice of Claims Against Alter Ego Defendants [Doc. 73] dismissing all of Plaintiffs' claims against Texas Name Investment Corporation without prejudice. Defendants admit all other allegations in Paragraph 16.

17.    Defendants deny that Tejas Frontera Land Company is a proper party to this suit. Defendants admit that Plaintiffs filed Plaintiffs' Notice of Dismissal Without Prejudice of Claims Against Alter Ego Defendants [Doc. 73] dismissing all of Plaintiffs' claims against Tejas

Frontera Land Company without prejudice.  Defendants admit all other allegations in Paragraph 17.

18.    Defendants deny that Texas Normandie Investment Corporation is a proper party to this suit.  Defendants admit that Plaintiffs filed Plaintiffs' Notice of Dismissal Without Prejudice of Claims Against Alter Ego Defendants [Doc. 73] dismissing all of Plaintiffs' claims against Texas Normandie Investment Corporation without prejudice.  Defendants admit all other allegations in Paragraph 18.

19.    Defendants deny that Delaware Name Investment Corporation is a proper party to this suit.  Defendants admit that Plaintiffs filed Plaintiffs' Notice of Dismissal Without Prejudice of Claims Against Alter Ego Defendants [Doc. 73] dismissing all of Plaintiffs' claims against Delaware Name Investment Corporation without prejudice.  Defendants deny all other express and implied allegations in Paragraph 19.

20.    Defendants deny that Texas Name Corporation ("TNC Offshore I") is a proper party to this suit.  Defendants admit that Plaintiffs filed Plaintiffs' Notice of Dismissal Without Prejudice of Claims Against Alter Ego Defendants [Doc. 73] dismissing all of Plaintiffs' claims against TNC Offshore I without prejudice.  Defendants deny all other express and implied allegations in Paragraph 20.

21.    Defendants deny that Texas Name Corporation ("TNC Offshore II") is a proper party to this suit.  Defendants admit that Plaintiffs filed Plaintiffs' Notice of Dismissal Without Prejudice of Claims Against Alter Ego Defendants [Doc. 73] dismissing all of Plaintiffs' claims against TNC Offshore II without prejudice.  Defendants deny all other express and implied allegations in Paragraph 21.

22.    Defendants deny that Tx Normandie Corp. is a proper party to this suit. Defendants admit that Plaintiffs filed Plaintiffs' Notice of Dismissal Without Prejudice of Claims

Against Alter Ego Defendants [Doc. 73] dismissing all of Plaintiffs' claims against Tx Normandie Corp. without prejudice. Defendants deny all other allegations in Paragraph 22.

23.    Defendants deny that Anuar Name Yapur is a proper party to this suit. Defendants admits that Anuar Name Yapur maintains a residence located at 12114 Mission Trace St., San Antonio, Texas 78230. Defendants deny all other express and implied allegations in Paragraph 23.

24.    Defendants deny that Jesús Antonio Name Yapur is a proper party to this suit. Defendants admits that Jesús Antonio Name Yapur is a resident of Mexico. Defendants deny all other express and implied allegations in Paragraph 24.

25.    Defendants deny that Simón Name Yapur is a proper party to this suit. Defendants admits that Simón Name Yapur is a resident of Mexico. Defendants deny all other express and implied allegations in Paragraph 25.

26.    Defendants deny that Daniela Reynoso is a proper party to this suit. Defendants admit that Plaintiffs filed Plaintiffs' Unopposed Motion for Voluntary Dismissal Without Prejudice of Plaintiffs' Claims Against Daniela Reynoso and Mercantile Manager LLC [Doc. 73]. Defendants admit all other allegations in Paragraph 26.

27.    Defendants deny that Does 1-50 are proper parties to this suit. Defendants deny all other express and implied allegations in Paragraph 27.

28.    Defendants deny that the Mercantile Building Council of Co-Owners is a proper defendant in this lawsuit. Defendants admit that, pursuant to Section 1(e) of the Declaration, the Mercantile Building Council of Co-Owners means the "Owners of all Units in the Condominium Project," such Owners of all Units being Defendant, Texas Name Mercantile (as exclusive owner of Units 2, 3, 4, 5, 6, and 7), and Plaintiffs (as exclusive owners of Unit 1 in Plaintiffs' collective capacities). Defendants admit that the Mercantile Building Council of Co-Owners is

unincorporated.  Defendants deny that the Mercantile Building Council of Co-Owners[3] is a citizen of Texas because the Council of Co-Owners is unincorporated.  Defendants admit that Defendant, Texas Name Mercantile (as a member of the Council of Co-Owners by way of its exclusive ownership of Units 2, 3, 4, 5, 6, and 7) is a Delaware limited liability company and is registered with the Texas Secretary of State  to transact business in the State of Texas.  Defendants do not presently possess information or knowledge sufficient to either admit or deny that Plaintiffs (as members of the Council of Co-Owners by way of their exclusive ownership of Units 2, 3, 4, 5, 6, and 7 in their collective capacities) are citizens of California as alleged by Plaintiffs in Paragraphs 7-10.  Defendants deny all other express and implied allegations in Paragraph 28.

29.     Defendants deny that Defendants Does 51-100 are proper parties to this suit.  Defendants deny all other express and implied allegations in Paragraph 29.

30.     Paragraph 30 does not require a response from Defendants.

31.     Paragraph 31 does not require a response from Defendants.

32.     Paragraph 32 does not require a response from Defendants.

### III. JURISDICTION AND VENUE

33.     Defendants do not presently possess information or knowledge sufficient to either admit or deny that Plaintiffs are all citizens of California.  Defendants admit that Plaintiffs filed their Original Petition in Texas Civil District Court in the County of Bexar, Texas.  Defendants admit that former Defendant, Wells Fargo Bank, N.A., removed this suit to the United States District Court for the Western District of Texas.  Defendants admit that Plaintiffs and Wells

---

[3] The term "Condo Association" is not defined nor used anywhere in the Declaration or the Condominium Bylaws.  The term "Council of Co-Owners" is defined in Section 1(e) in the Declaration, but Plaintiffs repeatedly misidentify and misname the Council Co-Owners as the "Condo Association" in Plaintiff's Verified Third Complaint.

Fargo Bank, N.A. filed a Joint Stipulation to Dismiss Without Prejudice Plaintiffs' Remaining Claims Against Defendant, Wells Fargo Bank, N.A. on June 1, 2023 [Doc. 57]. Defendants admit that Plaintiffs' Verified Third Amended Complaint does not name any California citizens as defendants. Defendants admit that the Court currently retains jurisdiction over this action.

## IV. FACTS

### A. INTRODUCTION

34. Defendants admit that Anuar Name Yapur, Jesús Antonio Name Yapur, Simón Name Yapur are the sons of Mluk Yapur Manzur. Defendants deny all other express and implied allegations in Paragraph 34.

35. Defendants do not presently possess information or knowledge sufficient to either admit or deny that purported "Mexican press reports" referred to by Plaintiffs in Paragraph 35.

36. Defendants admit that Anuar Name Yapur, Jesús Antonio Name Yapur, Simón Name Yapur have acquired various assets in various geographic locations over the course of their respective lifetimes. Defendants otherwise deny all other express and implied allegations in Paragraph 36.

37. Defendants admit that Defendant, Texas Name Mercantile, exclusively owns Units 2, 3, 4, 5, 6, and 7 in the Condominium Project. Defendants deny all other express and implied allegations in Paragraph 37.

38. Defendants admit that Plaintiffs, collectively, own Unit 1 in the Condominium Project. Defendants do not presently possess information or knowledge sufficient to either admit or deny that Plaintiffs are "family offices based in California." Defendants deny all other express and implied allegations in Paragraph 38.

39. Defendants admit that Defendant, Texas Name Limited, did not acquire title to Units 2, 3, 4, 5, 6, and 7 or any other ownership interest in and to the Condominium Project until

February 14, 1992.  Accordingly, Defendants do not presently possess information or knowledge sufficient to either admit or deny Plaintiffs' allegations in Paragraph 39 referring to the "early 1980s" or any period of time prior to the date that Defendant, Texas Name Limited, acquired title to Units 2, 3, 4, 5, 6, and 7 in the Condominium Project. Defendants deny all other express and implied allegations in Paragraph 39.

40.     Defendants deny all express and implied allegations in Paragraph 40.

41.     Defendants admit that Defendant, Texas Name Mercantile, exclusively owns Units 2, 3, 4, 5, 6, and 7 in the Condominium Project.  Defendants admit that the sole member of Defendant, Texas Name Mercantile, is Defendant, Texas Name Limited.  Defendants admit that Defendant, Texas Name Limited, acquired title to Units 2, 3, 4, 5, 6, and 7 by deed dated February 14, 1992.  Defendants admit that Defendant, Texas Name Limited, transferred record title to Units 2, 3, 4, 5, 6, and 7 to its wholly owned subsidiary, Defendant, Texas Name Mercantile, by deed dated June 26, 2014.  Defendants deny all other express and implied allegations in Paragraph 41.

42.     Defendants deny all express and implied allegations in Paragraph 42.

43.     Defendants deny all other express and implied allegations in Paragraph 43.

**B.     THE CONDOMINIUM BUILDING'S GOVERNANCE AND OPERATION**

44.     Defendants admit that the Condominium Project is subject to the Declaration and the Condominium Bylaws.  Defendants deny any "wrongdoing" and all other express and implied allegations in Paragraph 44.

**1.     Governing Documents**

45.     Defendants admit that the Condominium Project is located at the address commonly known as 40 NE Loop 410, San Antonio, Texas 78216.  Defendants admit that the Condominium Project includes Unit 1, which is collectively owned by Plaintiffs, and Units 2, 3,

4, 5, 6, and 7 which are exclusively owned by Defendant, Texas Name Mercantile.  Defendants admit that Mercantile Building, Ltd., a Texas limited partnership having as its general partners, Jospeh P. Lusk and Howland Bancshares, Inc., pursuant to the provisions of the Texas Condominium Act, Article 1301a, Vernon's Annotated Civil Statutes of the State of Texas (the "Act"), submitted, by recording the Declaration together with the Condominium Bylaws, the land located at the address commonly known as 40 NE Loop 410, San Antonio, Texas 78216 and improvements located thereon to a condominium regime known as The Mercantile Building (A Condominium).  Defendants admit that the Condominium Project is subject to the Declaration and the Condominium Bylaws.  Defendants deny all other express and implied allegations in Paragraph 45.

46.    Defendants admit that the condominium regime known as The Mercantile Building (A Condominium) was established pursuant to the Act by the recording of that certain Condominium Declaration dated July 23, 1982 and recorded in Volume 9, Page 27 of the Real Property Records of Bexar County, Texas.  Defendants deny all other express and implied allegations in Paragraph 46.

47.    Defendants admit that Section 8(d) of the Declaration provides that the administration of the Condominium Project shall be in accordance with provisions of the Act, the Declaration, and the Condominium Bylaws (attached as Exhibit B to the Declaration). Defendants deny all other express and implied allegations in Paragraph 47.

48.    Defendants admit that the document titled "Exhibit D to Declaration of Condominium The Mercantile Building" and recorded in Volume 9, Page 62 of the Real Property Records of Bexar County, Texas identifies the "Unit Numbers" and the applicable floor, approximate Unit square footage, and Percentage Interest in Common Elements of each

respective Unit in the Condominium Project.  Defendants deny all other express and implied allegations in Paragraph 48.

49.    Defendants admit that Section 8(d) of the Declaration provides that the administration of the Condominium Project shall be in accordance with provisions of the Act, the Declaration, and the Condominium Bylaws.  Defendants admit that the third recital on page 1 of the Declaration recorded in Volume 9, Page 27 of the Real Property Records of Bexar County, Texas states, in part, that the condominium regime known as The Mercantile Building (a Condominium) shall be "subject to the Act and the covenants, conditions, restrictions, uses, limitations, and obligations contained in [the] Declaration and Exhibits B [the Condominium Bylaws] and C attached [to the Declaration], all of which shall be deemed to run with all or any portion of the land and shall be a burden and a benefit to Declarant, its successors, and assigns, and any person acquiring or owning an interest in The Mercantile Building (A Condominium)…"  Defendants admit that Section 3.03 of the Condominium Bylaws state, in part, that "[t]he Owners and all persons using, entering upon or acquiring any interest in any Units or the Common Elements shall be subject to the provisions of [the Act, the Declaration, the Condominium Bylaws, and the rules and regulations adopted by the Owners with the relation to the Condominium Project]." Defendants deny all other express and implied allegations in Paragraph 49.

**2.    Ownership Allocation**

50.    Defendants deny all express and implied allegations in Paragraph 50.

51.    Defendants admit that the term "Unit" is defined in Section 1(n) of the Declaration.  Defendants admit that Section 2 of the Declaration provides that each Owner in the Condominium Project shall have an exclusive right to such Owner's respective Unit(s). Defendants admit that the term "Common Elements" is defined in Section 1(b) of the

Declaration.  Defendants admit that the term "General Common Elements" is defined in Section 1(b)(i) of the Declaration.  Defendants admit that the term "Limited Common Elements" is defined in Section 1(b)(ii) of the Declaration.  Defendants admit that each Owner in the Condominium Project shall have an undivided and inseparable right to share with the other Owners in the ownership of the Common Elements of the Condominium Project designated in the Declaration, and each Owner in the Condominium Project shall have the exclusive right, in addition to its Unit, to the use of the Limited Common Elements assigned to and reserved for the exclusive use of such Owner's Unit(s).  Defendants deny all express and implied allegations in Paragraph 51.

52.    Defendants admit the allegations in Paragraph 52.

53.    Defendants admit the allegations in Paragraph 53.

**3.    Governing Bodies**

54.    Defendants admit that the Declaration establishes a Council of Co-Owners. Defendants admit that, pursuant to Section 1(e) of the Declaration, the Council of Co-Owners means the "Owners of all Units in the Condominium Project," such Owners of all Units being Defendant, Texas Name Mercantile (as exclusive owner of Units 2, 3, 4, 5, 6, and 7), and Plaintiffs (as exclusive owners of Unit 1 in Plaintiffs' collective capacities).  Defendants admit that, pursuant to Section 9 of the Declaration, the management of the Condominium Project is vested in the Council of Co-Owners in accordance with terms of the Declaration and Condominium Bylaws, as may be amended from time to time.  Defendants admit that, pursuant to Section 9(b) of the Declaration, the affairs of the Council of Co-Owners shall be managed by a Board of Directors.  Defendants admit the allegations set forth in third sentence of Paragraph 54.  Defendants deny all other express and implied allegations in Paragraph 54.

55.     Defendants admit that Defendant, Texas Name Mercantile, as Owner of Units 2, 3, 4, 5, 6, and 7 is currently entitled under the Declaration to cast at all meetings of the Council of Co-Owners a number of votes equal to the 75.535% Percentage Interest collectively assigned to Units 2, 3, 4, 5, 6, and 7 as set forth on Exhibit D to the Declaration.  Defendants admit that Plaintiffs, as the collective Owners of Units 1, are currently entitled under the Declaration to, collectively, cast at all meetings of the Council of Co-Owners a number of votes equal to the 24.465% Percentage Interest assigned to Unit 1 as set forth on Exhibit D to the Declaration. Defendants deny all other express and implied allegations in Paragraph 55.

56.     Defendants admit that Plaintiffs and Defendant, Texas Name Limited (as then Owner of Units 2, 3, 4, 5, 6, and 7), executed a Unanimous Written Consent of the Council of Co-Owners of the Condominium Project dated as of June 13, 2014 (the "Unanimous Written Consent"), whereby (a) Plaintiffs, as owners of Unit 1, designated Orman K. Kaspar as Plaintiffs/the Unit 1 Owners' representative for purposes of the Council of Co-Owners, and (ii) Defendant, Texas Name Limited (as then Owner of Units 2, 3, 4, 5, 6, and 7), designated Defendants, Anuar Name Yapur, Antonio Name Yapur, Simon Name Yapur, as the representatives of the Owner of Units 2, 3, 4, 5, 6, and 7 for purposes of the Council of Co-Owners.  Defendants admit that, pursuant to such Unanimous Written Consent, Plaintiffs (as the Owners of Unit 1) and Defendant, Texas Name Limited (as then Owner of Units 2, 3, 4, 5, 6, and 7) elected Orman K. Kaspar (the designated representative for Plaintiffs/the Unit 1 Owners), and Anuar Name Yapur, Antonio Name Yapur, and Simon Name Yapur (the designated representatives for the Owner of Units 2, 3, 4, 5, 6, and 7) as members of the Board of Directors of the Council of Co-Owners.  Defendants admit that Section 3.02(e) of the Condominium Bylaws provide that at all meetings of the Board of Directors, a majority of the Directors shall constitute a quorum for the transaction of business, and the majority action of Directors present

at a meeting at which a quorum is present shall be the acts of the Board. Defendants deny all other express and implied allegations in Paragraph 56.

57.      Defendants admit that Section 9(a) of the Declaration provides that the "Council of Co-Owners provides shall have the authority and responsibility, without limiting the generality thereof, to maintain, repair, replace, operate, regulate, and manage the Common Elements, but this obligation shall not extend to any portion or facility of the Common Elements required to be maintained by the Individual Owner under the terms of the Declaration or the Bylaws." Defendants admit that, pursuant to Section 9(b) of the Declaration, the affairs of the Council of Co-Owners shall be managed by a Board of Directors. Defendants deny all other express and implied allegations in Paragraph 57.

58.      Defendants admit that Section 9(b) of the Declaration provides that the affairs of the Council of Co-Owners shall be managed by a Board of Directors ("Board") who shall conduct regular and special meetings according to the Bylaws…" Defendants admit that Section 9(d) of the Declaration provides that the Board of Directors "shall employ a professional management company ("Manager") approved by a Majority of Owners, to perform such services and duties set forth in the Bylaws." Defendants deny all other express and implied allegations in Paragraph 58.

**4.      Day-to-Day Operations**

59.      Defendants admit that Section 9(d) of the Declaration provides that the Board of Directors "shall employ a professional management company ("Manager") approved by a Majority of Owners, to perform such services and duties set forth in the Bylaws." Defendants admit that Section 3.03 of the Condominium Bylaws provides, in part, that the "daily operations affairs or the Condominium Project shall be administered by…such [] management organization as the majority in interest of the Owners shall designate…" Defendants admit the allegations set

forth in the second sentence of Paragraph 59.  Defendants admit that Section 3.04 of the Condominium Bylaws states that "[t]he Manager [as defined in Section 3.03 of the Condominium Bylaws] shall have all the powers and responsibilities as 'administrator' as provided by the Act; and shall perform all of the duties necessary for the administration of the affairs of the Condominium Project, including, but not limited to the [duties described in Section 3.04(a)-(j)].  Defendants deny all other express and implied allegations in Paragraph 59.

60.     Defendants admit that Section 3.03 of the Condominium Bylaws provides, in part, that the "daily operations affairs or the Condominium Project shall be administered by…such [] management organization as the majority in interest of the Owners shall designate…"  Defendants admit that Section 3.04 of the Condominium Bylaws states that "[t]he Manager [as defined in Section 3.03 of the Condominium Bylaws] shall have all the powers and responsibilities as 'administrator' as provided by the Act; and shall perform all of the duties necessary for the administration of the affairs of the Condominium Project, including, but not limited to the [duties described in Section 3.04(a)-(j)].   Defendants admit that, pursuant to Section 9(b) of the Declaration, the affairs of the Council of Co-Owners shall be managed by a Board of Directors.  Defendants admit that Plaintiffs (as Owners of Unit 1) and Defendant, Texas Name Limited (as then Owner of Units 2, 3, 4, 5, 6, and 7), executed a Unanimous Written Consent of the Council of Co-Owners of the Condominium Project dated as of June 13, 2014 (the "Unanimous Written Consent"), whereby (a) Plaintiffs, as owners of Unit 1, designated Orman K. Kaspar as Plaintiffs/the Unit 1 Owners' representative for purposes of the Council of Co-Owners, and (b) Defendant, Texas Name Limited (as then Owner of Units 2, 3, 4, 5, 6, and 7), designated Defendants, Anuar Name Yapur, Antonio Name Yapur, Simon Name Yapur, as the representatives of the Owner of Units 2, 3, 4, 5, 6, and 7 for purposes of the Council of Co-Owners.  Defendants admit that, pursuant to such Unanimous Written Consent, Plaintiffs (as the

Owners of Unit 1) and Defendant, Texas Name Limited (as then Owner of Units 2, 3, 4, 5, 6, and 7) elected Orman K. Kaspar (the designated representative for Plaintiffs/the Unit 1 Owners), and Anuar Name Yapur, Antonio Name Yapur, and Simon Name Yapur (the designated representatives for the Owner of Units 2, 3, 4, 5, 6, and 7) as members of the Board of Directors of the Council of Co-Owners.  Defendants admit that Section 3.02(e) of the Condominium Bylaws provide that at all meetings of the Board of Directors, a majority of the Directors shall constitute a quorum for the transaction of business, and the majority action of Directors present at a meeting at which a quorum ins resent shall be the acts of the Board.  Defendants deny all other express and implied allegations in Paragraph 60.

## C.    THE N-Y DEFENDANTS' WRONGDOING

### 1.    The N-Y Defendants Have Used the Condo Building as a Piggy Bank

61.    Defendants admit that Defendant, Texas Name Limited, acquired exclusive title to Units 2, 3, 4, 5, 6, and 7 in the Condominium Project by Special Warranty Deed and Bill of Sale dated February 14, 1992 from Federal Deposit Insurance Corporation, as receiver for NBC Bank-San Antonio N.A. recorded in Volume 5264, Page 1930 of Real Property Records of Bexar County, Texas.  Defendants admit that Defendant, Texas Name Limited, transferred all of its right, title and interest in and to Units 2, 3, 4, 5, 6, and 7 in the Condominium Project to its wholly owned subsidiary, Defendant, Texas Name Mercantile, by Warranty Deed dated June 26, 2014 recorded in Volume 16745, Page 242 of the Real Property Records of Bexar County, Texas. Defendants admit that Defendant, Texas Name Limited, is the sole member of Defendant, Texas Name Mercantile.  Defendants deny all other express and implied allegations in Paragraph 61.

62.    Defendants admit that Defendant, Texas Name Limited, acquired exclusive title to Units 2, 3, 4, 5, 6, and 7 in the Condominium Project by Special Warranty Deed and Bill of Sale dated February 14, 1992 from Federal Deposit Insurance Corporation, as receiver for NBC

Bank-San Antonio N.A. recorded in Volume 5264, Page 1930 of Real Property Records of Bexar County, Texas. Defendants admit that Defendant, Texas Name Limited, transferred all of its right, title and interest in and to Units 2, 3, 4, 5, 6, and 7 in the Condominium Project to its wholly owned subsidiary, Defendant, Texas Name Mercantile, by Warranty Deed dated June 26, 2014 recorded in Volume 16745, Page 242 of the Real Property Records of Bexar County, Texas. Defendants admit that Defendant, Texas Name Limited, is the sole member of Defendant, Texas Name Mercantile. Defendants deny all other express and implied allegations in Paragraph 62.

63.     Defendants deny the express and implied allegations in Paragraph 63.

64.     Defendants admit that Defendant, Texas Name Mercantile, has (and Defendant, Texas Name Limited, as prior owner of Units 2,3, 4, 5, 6, and 7, had) an exclusive right to Units 2, 3, 4, 5, 6, and 7, including, without limitation, as set forth in Section 2 of the Condominium Declaration. Defendants admit that each Owner, as the exclusive owner of such Owner's respective Unit(s), has the right to sell, lease, encumber, mortgage, or otherwise transfer such Owner's right, title and interests in and to such Unit(s) owned by such Owner. Defendants admit that Defendant, Texas Name Mercantile (as the then exclusive owner of Units 2, 3, 4, 5, 6, and 7), pursuant to its rights as exclusive owner of such Units under the Declaration and Condominium Bylaws, including, without limitation, Section 6.02 of the Condominium Bylaws, entered into and executed the following: (i) a Deed of Trust, Security Agreement, and Financing Statement dated April 22, 1992 and recorded in Volume 5321, Page 1967 of the Real Property Records of Bexar County, Texas, securing payment of a promissory note in the original principal sum of $3,500,000.00 payable to the order of Bank Audi (USA); (ii) a Deed of Trust, Security Agreement, and Assignment of Leases and Rents dated October 3, 1996 and recorded in Volume 6900, Page 0497 of the Real Property Records of Bexar County, Texas, securing payment of a promissory note in the original principal sum of $5,050,000.00 payable to the order of Midland

Loan Services, L.P.; (iii) a Deed of Trust, Security Agreement-Financing Statement, Assignment of Rents dated effective March 1, 2006 and recorded Document # 20060196400 in the Real Property Records of Bexar County, Texas, securing payment of a promissory note in the original principal sum of $3,025,666.91 payable to the order of the Laredo National Bank; (iv) a Deed of Trust, Security Agreement-Financing Statement, Assignment of Rents dated effective March 1, 2006 and recorded Document # 20060196402 in the Real Property Records of Bexar County, Texas, securing payment of a promissory note in the original principal sum of $325,000.00 payable to the order of the Laredo National Bank; and (v) a Deed of Trust, Security Agreement-Financing Statement, Assignment of Rents dated effective March 1, 2006 and recorded Document # 20060196401 in the Real Property Records of Bexar County, Texas, securing payment of (a) a promissory note in the original principal sum of $134,230.59; (b) a promissory note in the original principal sum of $232,419.21; (c) a promissory note in the original principal sum of $186,662.14; and (d) a promissory note in the original principal sum of $1,548,130.82, each payable to the order of the Laredo National Bank. Defendants deny all other express and implied allegations in Paragraph 64.

65.    Defendants admit that Defendant, Texas Name Mercantile, has (and Defendant, Texas Name Limited, as prior owner of Units 2,3, 4, 5, 6, and 7, had) an exclusive right to Units 2, 3, 4, 5, 6, and 7, including, without limitation, as set forth in Section 2 of the Condominium Declaration. Defendants admit that each Owner, as the exclusive owner of such Owner's respective Unit(s), has the right to sell, lease, encumber, mortgage, or otherwise transfer such Owner's right, title and interests in and to such Unit(s) owned by such Owner. Defendants admit that Defendant, Texas Name Mercantile (as the then exclusive owner of Units 2, 3, 4, 5, 6, and 7), pursuant to its rights as exclusive owner of such Units under the Declaration and Condominium Bylaws, including, without limitation, Section 6.02 of the Condominium Bylaws,

entered into and executed a Deed of Trust, Security Agreement-Financing Statement, Assignment of Rents dated August 30, 2013 and recorded in Volume 16425, Page 1520 of the Real Property Records of Bexar County, Texas, securing payment of a promissory note in the original principal sum of $1,293,343,42 payable to the order of Compass Bank.  Defendants deny all other express and implied allegations in Paragraph 65.

66.    Defendants admit that Defendant, Texas Name Limited, transferred all of its right, title and interest in and to Units 2, 3, 4, 5, 6, and 7 in the Condominium Project to its wholly owned subsidiary, Defendant, Texas Name Mercantile, by Warranty Deed dated June 26, 2014 recorded in Volume 16745, Page 242 of the Real Property Records of Bexar County, Texas. Defendants admit that Defendant, Texas Name Limited, is the sole member of Defendant, Texas Name Mercantile.  Defendants deny all other express and implied allegations in Paragraph 66.

67.    Defendants deny the express and implied allegations in Paragraph 67

68.    Defendants deny the express and implied allegations in Paragraph 68.

**2.    The N-Y Defendants Lined Their Pockets by Hiring Themselves to Manage the Condo Building**

69.    Defendants admit that Plaintiffs (as Owners of Unit 1) and Defendant, Texas Name Limited (as then Owner of Units 2, 3, 4, 5, 6, and 7), executed a Unanimous Written Consent of the Council of Co-Owners of the Condominium Project dated as of June 13, 2014 (the "Unanimous Written Consent"), whereby Plaintiffs (as Owners of Unit 1) and Defendant, Texas Name Limited (as then Owner of Units 2, 3, 4, 5, 6, and 7) authorized and empowered "any of Anuar Name Yapur, Antonio Name Yapur, and Simon Name Yapur (each an 'Authorized Person')…,in the name and on behalf of the Council of [Co-Owners], to enter into the Property Management Agreement with [Defendant] N.F. Mgt." Pursuant to the authorization and approval of Plaintiffs and Defendant, Texas Name Limited, granted under the Unanimous

Written Consent of the Council of Co-Owners, Defendant, Texas Name Limited (as then Owner of Units 2, 3, 4, 5, 6, and 7 and member of the Council of Co-Owners), and Defendant, N.F. Mgt., entered into the Property Management Agreement.  Defendants admit the allegations in the second sentence of Paragraph 69.  Defendants deny all other express and implied allegations in Paragraph 69.

70.　　　Defendants deny the express and implied allegations in Paragraph 70.

71.　　　Defendants deny the express and implied allegations in Paragraph 71.

**3.　　　The N-Y Defendants Failed to Hire a Professional Building Manager**

72.　　　Defendants deny the express and implied allegations in Paragraph 72.

73.　　　Defendants deny the express and implied allegations in Paragraph 73.

74.　　　Defendants deny the express and implied allegations in Paragraph 74.

75.　　　Defendants deny the express and implied allegations in Paragraph 75.

76.　　　Defendants deny the express and implied allegations in Paragraph 76.

**4.　　　The N-Y Defendants Failed to Maintain or Repair the Condo Building**

77.　　　Defendants admit the allegations in Paragraph 77.

78.　　　Defendants deny the express and implied allegations in Paragraph 78.

79.　　　Defendants deny the express and implied allegations in Paragraph 79.

**5.　　　The N-Y Defendants Misappropriated and Converted Plaintiffs' Funds**

80.　　　Defendants deny the express and implied allegations in Paragraph 80.

81.　　　Defendants admit that Defendant, Texas Name Mercantile, alleged in paragraphs 9-10 of Plaintiff's Original Petition, Jury Demand, and Request for Disclosure (the "2017 District Court Petition") filed in Cause No. 2017CI16840, *Texas Name Mercantile Investment, LLC v. Cincinnati Insurance Company*, in the 37th District Judicial District Court, Bexar County, Texas, removed to the United States District Court of the Western District of Texas San Antonio

Division and renumbered Civil Action No. 5:17-cv-1196-XR, that "[o]n or about April 12, 2016, the Property sustained extensive damage" from a "wind and hailstorm." Defendants admit that Defendant, Texas Name Mercantile, alleged in the 2017 District Court Petition that is submitted a claim to Cincinnati Insurance Company against the Cincinnati Insurance Company homeowner's insurance policy number EPP0194821 owned by Defendant, Texas Name Mercantile to cover the cost of the damage to the Property. Defendants admit that Defendant, Texas Name Mercantile, alleged in paragraph 14 of the 2017 District Court Petition that the insurance "agent's finding generated an estimate of damage totaling $78,682.86. Defendants admit that Defendant, Texas Name Mercantile, alleged in paragraph 14 of the 2017 District Court Petition that the insurance "agent's finding generated an estimate of damaged totaling $78,682.86." Defendants admit that Defendant, Texas Name Mercantile, alleged in paragraph 15 of the 2017 District Court Petition that "Cincinnati Insurance Company [] ultimately refused full coverage" of the claim. Defendants admit that Defendant, Texas Name Mercantile, alleged in paragraph 16 of the 2017 District Court Petition that damage to the Property was then estimated at approximately $4,000,000.00. Defendants admit that Defendant, Texas Name Mercantile, filed suit against Cincinnati Insurance Company alleging the causes of action and seeking the damages and remedies set forth in the 2017 District Court Petition. Defendants deny all other express and implied allegations in Paragraph 81.

82.    Defendants admit that Defendant, Texas Name Mercantile, and Cincinnati Insurance Co. filed a Joint Stipulation of Dismissal with Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) on July 26, 2018, and an Agreed Order of Dismissal with Prejudice was signed and entered by the Court on July 30, 2018. Defendants deny all other express and implied allegations in Paragraph 82.

83.    Defendants deny the express and implied allegations in Paragraph 83.

**6.    The N-Y Defendants Fraudulently Concealed Their Wrongdoing**

84.    Defendants deny the express and implied allegations in Paragraph 84.

85.    Defendants deny the express and implied allegations in Paragraph 85.

86.    Defendants deny the express and implied allegations in Paragraph 86.

87.    Defendants deny the express and implied allegations in Paragraph 87.

88.    Defendants deny the express and implied allegations in Paragraph 88.

**D.    THE N-Y DEFENDANTS MALFEASANCE CAUSED INJURY TO PLAINTIFFS**

89.    Defendants deny the express and implied allegations in Paragraph 89.

90.    Defendants deny the express and implied allegations in Paragraph 90.

91.    Defendants deny the express and implied allegations in Paragraph 91.

92.    Defendants deny the express and implied allegations in Paragraph 92.

93.    Defendants deny the express and implied allegations in Paragraph 93.

94.    Defendants deny the express and implied allegations in Paragraph 94.

95.    Defendants deny the express and implied allegations in Paragraph 95.

96.    Defendants deny the express and implied allegations in Paragraph 96.

97.    Defendants deny the express and implied allegations in Paragraph 97.

**E.    COMPLETE IDENTITY OF INTERESTS: ALTER EGO AND CONSPIRACY**

98.    Defendants admit that the only alleged "N-Y Entities" that remain parties to this suit as of the date hereof are Defendants, N.F. Mgt., Texas Name Mercantile, and Texas Name Limited.    Plaintiffs have non-suited all their claims against the Defendants identified in Paragraphs 13, 16-22, and 26.    Defendants deny all other express and implied allegations in Paragraph 98.

99.    Defendants admit that the only alleged "N-Y Entities" that remain parties to this suit as of the date hereof are Defendants, N.F. Mgt., Texas Name Mercantile, and Texas Name

Limited. Plaintiffs have non-suited all their claims against the Defendants identified in Paragraphs 13, 16-22, and 26. Defendants deny all other express and implied allegations in Paragraph 99.

100. Defendants admit that the only alleged "N-Y Entities" that remain parties to this suit as of the date hereof are Defendants, N.F. Mgt., Texas Name Mercantile, and Texas Name Limited. Plaintiffs have non-suited all their claims against the Defendants identified in Paragraphs 13, 16-22, and 26. Defendants deny all other express and implied allegations in Paragraph 100.

101. Defendants admit that the only alleged "N-Y Entities" that remain parties to this suit as of the date hereof are Defendants, N.F. Mgt., Texas Name Mercantile, and Texas Name Limited. Plaintiffs have non-suited all their claims against the Defendants identified in Paragraphs 13, 16-22, and 26. Defendants deny all other express and implied allegations in Paragraph 101.

102. Defendants admit that the only alleged "N-Y Entities" that remain parties to this suit as of the date hereof are Defendants, N.F. Mgt., Texas Name Mercantile, and Texas Name Limited. Plaintiffs have non-suited all their claims against the Defendants identified in Paragraphs 13, 16-22, and 26. Defendants deny all other express and implied allegations in Paragraph 102.

103. Defendants admit that the only alleged "N-Y Entities" that remain parties to this suit as of the date hereof are Defendants, N.F. Mgt., Texas Name Mercantile, and Texas Name Limited. Plaintiffs have non-suited all their claims against the Defendants identified in Paragraphs 13, 16-22, and 26. Defendants deny all other express and implied allegations in Paragraph 103.

104.    Defendants admit that the only alleged "N-Y Entities" that remain parties to this suit as of the date hereof are Defendants, N.F. Mgt., Texas Name Mercantile, and Texas Name Limited.   Plaintiffs have non-suited all their claims against the Defendants identified in Paragraphs 13, 16-22, and 26.   Defendants deny all other express and implied allegations in Paragraph 104.

105.    Defendants admit that the only alleged "N-Y Entities" that remain parties to this suit as of the date hereof are Defendants, N.F. Mgt., Texas Name Mercantile, and Texas Name Limited.   Plaintiffs have non-suited all their claims against the Defendants identified in Paragraphs 13, 16-22, and 26.   Defendants admit that Defendant, Texas Name Limited, transferred all of its right, title and interest in and to Units 2, 3, 4, 5, 6, and 7 in the Condominium Project to its wholly owned subsidiary, Defendant, Texas Name Mercantile, by Warranty Deed dated June 26, 2014 recorded in Volume 16745, Page 242 of the Real Property Records of Bexar County, Texas.   Defendants admit that Defendant, Texas Name Limited, is the sole member of Defendant, Texas Name Mercantile. Defendants deny all other express and implied allegations in Paragraph 105.

106.    Defendants admit that the only alleged "N-Y Entities" that remain parties to this suit as of the date hereof are Defendants, N.F. Mgt., Texas Name Mercantile, and Texas Name Limited.   Plaintiffs have non-suited all their claims against the Defendants identified in Paragraphs 13, 16-22, and 26.   Defendants deny all other express and implied allegations in Paragraph 106.

107.    Defendants admit that the only alleged "N-Y Entities" that remain parties to this suit as of the date hereof are Defendants, N.F. Mgt., Texas Name Mercantile, and Texas Name Limited.   Plaintiffs have non-suited all their claims against the Defendants identified in

Paragraphs 13, 16-22, and 26. Defendants deny all other express and implied allegations in Paragraph 107.

108.    Defendants admit that the only alleged "N-Y Entities" that remain parties to this suit as of the date hereof are Defendants, N.F. Mgt., Texas Name Mercantile, and Texas Name Limited. Plaintiffs have non-suited all their claims against the Defendants identified in Paragraphs 13, 16-22, and 26. Defendants deny all other express and implied allegations in Paragraph 108.

109.    Defendants admit that the only alleged "N-Y Entities" that remain parties to this suit as of the date hereof are Defendants, N.F. Mgt., Texas Name Mercantile, and Texas Name Limited. Plaintiffs have non-suited all their claims against the Defendants identified in Paragraphs 13, 16-22, and 26. Defendants deny all other express and implied allegations in Paragraph 109.

110.    Defendants admit that the only alleged "N-Y Entities" that remain parties to this suit as of the date hereof are Defendants, N.F. Mgt., Texas Name Mercantile, and Texas Name Limited. Plaintiffs have non-suited all their claims against the Defendants identified in Paragraphs 13, 16-22, and 26. Defendants admit that Daniela Reynoso is currently identified by the Texas Secretary of State as the registered agent for Defendant, Texas Name Mercantile. Defendants deny all other express and implied allegations in Paragraph 110.

111.    Defendants admit that the only alleged "N-Y Entities" that remain parties to this suit as of the date hereof are Defendants, N.F. Mgt., Texas Name Mercantile, and Texas Name Limited. Plaintiffs have non-suited all their claims against the Defendants identified in Paragraphs 13, 16-22, and 26. Defendants deny all other express and implied allegations in Paragraph 111.

## V.   <u>CAUSES OF ACTION</u>

**A.    FIRST CAUSE OF ACTION:  BREACH OF CONTRACT – THIRD PARTY BENEFICIARY**

**1.  Claim 1:  By Plaintiffs Individually, Against N.F. Mgt.**

112.     Defendants hereby incorporate by reference all of their responses to Paragraphs 1 through 111 as if fully restated herein verbatim.

113.     Defendants admit that Plaintiffs (as Owners of Unit 1) and Defendant, Texas Name Limited (as then Owner of Units 2, 3, 4, 5, 6, and 7), executed a Unanimous Written Consent of the Council of Co-Owners of the Condominium Project dated as of June 13, 2014 (the "Unanimous Written Consent"), whereby Plaintiffs (as Owners of Unit 1) and Defendant, Texas Name Limited (as then Owner of Units 2, 3, 4, 5, 6, and 7) authorized and empowered "any of Anuar Name Yapur, Antonio Name Yapur, and Simon Name Yapur (each an 'Authorized Person')…,in the name and on behalf of the Council of [Co-Owners], to enter into the Property Management Agreement with [Defendant] N.F. Mgt." Pursuant to the authorization and approval of Plaintiffs and Defendant, Texas Name Limited, granted under the Unanimous Written Consent of the Council of Co-Owners, Defendant, Texas Name Limited (as then Owner of Units 2, 3, 4, 5, 6, and 7 and member of the Council of Co-Owners), and Defendant, N.F. Mgt., entered into the Property Management Agreement. Defendants deny all other express and implied allegations in Paragraph 113.

114.     Defendants admit the allegations in Paragraph 114.

115.     Defendants admit the allegations in Paragraph 115.

116.     Defendants admit that Plaintiffs (as Owners of Unit 1) and Defendant, Texas Name Limited (as then Owner of Units 2, 3, 4, 5, 6, and 7), executed a Unanimous Written Consent of the Council of Co-Owners of the Condominium Project dated as of June 13, 2014

(the "Unanimous Written Consent"), whereby Plaintiffs (as Owners of Unit 1) and Defendant, Texas Name Limited (as then Owner of Units 2, 3, 4, 5, 6, and 7) authorized and empowered "any of Anuar Name Yapur, Antonio Name Yapur, and Simon Name Yapur (each an 'Authorized Person')…,in the name and on behalf of the Council of [Co-Owners], to enter into the Property Management Agreement with [Defendant] N.F. Mgt." Pursuant to the authorization and approval of Plaintiffs and Defendant, Texas Name Limited, granted under the Unanimous Written Consent of the Council of Co-Owners, Defendant, Texas Name Limited (as then Owner of Units 2, 3, 4, 5, 6, and 7 and member of the Council of Co-Owners), and Defendant, N.F. Mgt., entered into the Property Management Agreement. Defendants deny all other express and implied allegations in Paragraph 116.

117.    Defendants deny the express and implied allegations in Paragraph 117.

118.    Defendants deny the express and implied allegations in Paragraph 118.

119.    Defendants deny the express and implied allegations in Paragraph 119.

120.    Defendants deny the express and implied allegations in Paragraph 120.

121.    Defendants deny the express and implied allegations in Paragraph 121.

**2.  Claim 2:  By Plaintiffs Individually, Against Texas Name Ltd.**

122.    Defendants hereby incorporate by reference all of their responses to Paragraphs 1 through 111 as if fully restated herein verbatim.

123.    Defendants hereby incorporate by reference all of their responses to Paragraphs 112 through 118 as if fully restated herein verbatim.

124.    Defendants deny the express and implied allegations in Paragraph 124.

125.    Defendants deny the express and implied allegations in Paragraph 125.

126.    Defendants deny the express and implied allegations in Paragraph 126.

B.    **SECOND CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY (BY PLAINTIFFS INDIVIDUALLY, AGAINST THE N-Y BROTHERS**

127.    Defendants hereby incorporate by reference all of their responses to Paragraphs 1 through 111 as if fully restated herein verbatim.

128.    Defendants admit that Section 82.103 of the Texas Property Code provides:

Except as provided by the declaration, bylaws, or this chapter, the board shall act in all instances on behalf of the association if in the good-faith judgment of the board the action is reasonable. Each officer or member of the board is liable as a fiduciary of the unit owners for the officer's or member's acts or omissions. All acts of the association must be by and through the board unless otherwise provided by the declaration or bylaws or by law.

Defendants deny all other express and implied allegations in Paragraph 128.

129.    Defendants admit that, in Texas, a fiduciary's duties are generally described as the following:  a duty of loyalty, a duty of care, a duty of obedience, and a duty of good faith and fair dealing. Defendants deny all other express and implied allegations in Paragraph 129.

130.    Defendants admit that Anuar Name Yapur, Antonio Name Yapur, Simon Name Yapur, and Orman K. Kaspar were all members of the Board of Directors of the Council of Co-Owners. Defendants deny all other express and implied allegations in Paragraph 130.

131.    Defendants admit that Anuar Name Yapur, Antonio Name Yapur, Simon Name Yapur, and Orman K. Kaspar, in their capacities as members of the Board of Directors of the Council of Co-Owners, owed fiduciary duties to all Owners of the Units in the Condominium Project, including, Plaintiffs and Defendant, Texas Name Mercantile, for such director's respective acts or omissions.  Defendants deny all other express and implied allegations in Paragraph 131.

132.    Defendants deny the express and implied allegations in Paragraph 132.

133.    Defendants deny the express and implied allegations in Paragraph 133.

134.    Defendants deny the express and implied allegations in Paragraph 134.

135.    Defendants deny the express and implied allegations in Paragraph 135.

**C.    THIRD CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY (ON BEHALF OF THE CONDO ASSOCIATION, AGAINST THE N-Y BROTHERS)**

136.    Defendants hereby incorporate by reference all of their responses to Paragraphs 1 through 111 as if fully restated herein verbatim.

137.    Defendants admit that Section 82.103 of the Texas Property Code provides:

> Except as provided by the declaration, bylaws, or this chapter, the board shall act in all instances on behalf of the association if in the good-faith judgment of the board the action is reasonable. Each officer or member of the board is liable as a fiduciary of the unit owners for the officer's or member's acts or omissions. All acts of the association must be by and through the board unless otherwise provided by the declaration or bylaws or by law.

Defendants admit that, in Texas, a fiduciary's duties are generally described as the following:  a duty of loyalty, a duty of care, a duty of obedience, and a duty of good faith and fair dealing. Defendants deny all other express and implied allegations in Paragraph 137.

138.    Defendants admit that Anuar Name Yapur, Antonio Name Yapur, Simon Name Yapur, and Orman K. Kaspar were all members of the Board of Directors of the Council of Co-Owners.

139.    Defendants admit that Anuar Name Yapur, Antonio Name Yapur, Simon Name Yapur, and Orman K. Kaspar, in their capacities as members of the Board of Directors of the Council of Co-Owners, owed fiduciary duties to all Owners of the Units in the Condominium Project, including, Plaintiffs and Defendant, Texas Name Mercantile, for such director's respective acts or omissions.  Defendants deny all other express and implied allegations in Paragraph 139.

140.    Defendants admit that Plaintiffs, as the collective Owners of Unit 1, are members of the Council of Co-Owners.  Defendants admit that all the Plaintiffs except the Benon Marital Trust have been members of the Council of Co-Owners since December 1, 2006.  Defendants

admit that Plaintiff, the Benon Marital Trust, has been a member of the Council of Co-Owners since February 2, 2009. Defendants deny all other express and implied allegations in Paragraph 140.

141.    Defendants deny the express and implied allegations in Paragraph 141.

142.    Defendants deny the express and implied allegations in Paragraph 142.

143.    Defendants deny the express and implied allegations in Paragraph 143

144.    Defendants deny the express and implied allegations in Paragraph 144.

145.    Defendants deny the express and implied allegations in Paragraph 145.

146.    Defendants deny the express and implied allegations in Paragraph 146.

147.    Defendants do not presently possess information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 147.

148.    The allegations in Paragraph 148 do not require a response from Defendants.

149.    Defendants deny the express and implied allegations in Paragraph 149.

150.    Defendants deny the express and implied allegations in Paragraph 150.

151.    Defendants deny the express and implied allegations in Paragraph 151.

152.    Defendants admit that Anuar Name Yapur, Antonio Name Yapur, Simon Name Yapur, and Orman K. Kaspar, in their capacities as members of the Board of Directors of the Council of Co-Owners, owed fiduciary duties to all Owners of the Units in the Condominium Project, including, Plaintiffs and Defendant, Texas Name Mercantile, for such director's respective acts or omissions. Defendants deny all other express and implied allegations in Paragraph 152.

153.    Defendants deny the express and implied allegations in Paragraph 153.

D.    **FOURTH CAUSE OF ACTION:   CONVERSION (BY PLAINTIFFS INDIVIDUALLY AGAINST, AGAINST TNMI, THE N-Y BROTHERS, AND DANIELA REYNOSO**

154.    Defendants hereby incorporate by reference all of their responses to Paragraphs 1 through 111 as if fully restated herein verbatim.

155.    Defendants admit that Plaintiffs, collectively, own 24.465% undivided percentage interests in the General Common Elements of the Condominium Project.

156.    Defendants deny the express and implied allegations in Paragraph 156.

157.    Defendants deny the express and implied allegations in Paragraph 157.

158.    Defendants admit that Plaintiffs have non-suited all their claims against Daniela Reynoso.  Defendants deny all other express and implied allegations in Paragraph 158.

159.    Defendants admit that Plaintiffs have non-suited all their claims against Daniela Reynoso.  Defendants deny all other express and implied allegations in Paragraph 159.

160.    Defendants admit that Plaintiffs have non-suited all their claims against Daniela Reynoso.  Defendants deny all other express and implied allegations in Paragraph 160.

161.    Defendants admit that Plaintiffs have non-suited all their claims against Daniela Reynoso.  Defendants deny all other express and implied allegations in Paragraph 161.

162.    Defendants admit that Plaintiffs have non-suited all their claims against Daniela Reynoso.  Defendants deny all other express and implied allegations in Paragraph 162.

E.    **FIFTH CAUSE OF ACTION:   CIVIL CONSPIRACY (BY PLAINTIFFS INDIVIDUALLY, AGAINST THE N-Y BROTHERS, TNMI AND DANIELA REYNOSO**

163.    Defendants hereby incorporate by reference all of their responses to Paragraphs 1 through 111 as if fully restated herein verbatim.

164.    Defendants admit that Plaintiffs have non-suited all their claims against Daniela Reynoso.  Defendants deny all other express and implied allegations in Paragraph 164.

165.    Defendants admit that Plaintiffs have non-suited all their claims against Daniela Reynoso.  Defendants deny all other express and implied allegations in Paragraph 165.

166.    Defendants admit that Plaintiffs have non-suited all their claims against Daniela Reynoso.  Defendants deny all other express and implied allegations in Paragraph 166.

167.    Defendants admit that Plaintiffs have non-suited all their claims against Daniela Reynoso.  Defendants deny all other express and implied allegations in Paragraph 167.

168.    Defendants admit that Plaintiffs have non-suited all their claims against Daniela Reynoso.  Defendants deny all other express and implied allegations in Paragraph 168.

## VI.    REMEDIES

### A.    DAMAGES

169.    Defendants hereby incorporate by reference all of their responses to Paragraphs 1 through 111 as if fully restated herein verbatim.

170.    Defendants deny the express and implied allegations in Paragraph 170.

171.    Defendants deny the express and implied allegations in Paragraph 171.

172.    Defendants deny the express and implied allegations in Paragraph 172.

173.    Defendants deny the express and implied allegations in Paragraph 173.

### B.    RESTITUTION

174.    Defendants hereby incorporate by reference all of their responses to Paragraphs 1 through 111 as if fully restated herein verbatim.

175.    Defendants deny the express and implied allegations in Paragraph 175.

## VII.    JOINT AND SEVERAL LIABILITY

176.    Defendants deny the express and implied allegations set forth in the first sentence of Paragraph 176.  The remainder of Paragraph 176 does not require a response from Defendants.

177.    Defendants admit that Plaintiffs have non-suited all their claims against Daniela Reynoso.  Defendants deny all other express and implied allegations in Paragraph 177.

### VIII.  PREJUDGMENT AND POST-JUDGMENT INTEREST

178.    Defendants deny that Plaintiffs are entitled to the relief requested in Paragraph 178 or any other relief.

### IX.  COSTS

179.    Defendants agree that the relief stated in Paragraph 178 should be awarded to the prevailing party to this suit.

### X.  ATTORNEYS' FEES

180.    Defendants deny that Plaintiffs are entitled to the relief requested in Paragraph 180.

### XI.  CONDITIONS PRECEDENT

181.    Defendants deny the express and implied allegations in Paragraph 181.

### XII.  JURY DEMAND

182.    Defendants acknowledge Plaintiffs' demand in Paragraph 182 for a trial by jury and joins in such demand for a trial by jury.

### XIII.  ALTERNATIVE PLEADINGS

183.    The allegations in Paragraph 183 do not require a response by Defendants.

### XIV.  PRAYER

184.    Defendants deny that Plaintiffs are entitled to the relief requested in Paragraph 184.

### I-A.  DEFENDANTS' AFFIRMATIVE DEFENSES

1.      While unnecessary based upon Plaintiffs' Verified Third Amended Complaint, Defendants assert the following affirmative defenses without assuming the burden of proof that would otherwise rest on Plaintiffs:

2.      Plaintiffs' claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

3.      Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

4.      Plaintiffs' claims are barred, in whole or in part, by laches.

5.      Plaintiffs' claims are barred, in whole or in part, by estoppel or quasi-estoppel.

6.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

7.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

8.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of consent.

9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification.

10.     Plaintiffs' claims are barred, in whole or in part, by impossibility or impracticability of performance.

11.     Plaintiffs' claims are barred, in whole or in part, because the acts and/or omissions by Plaintiffs and/or Plaintiffs' representatives, employees, or agents caused or contributed to Plaintiffs' injury, if any.

12.     Plaintiffs' claims are barred, in whole or in part, because the acts and/or omissions of Plaintiff's tenant, Wells Fargo Bank, N.A. caused or contributed to Plaintiffs' injury, if any.

13.     Plaintiffs' claims are barred, in whole or in part, because the acts and/or omissions of third parties caused or contributed to Plaintiffs' injury, if any.

14.     Plaintiffs' claims are barred, in whole or in part, because one or more Defendants is entitled to offset monies or other consideration paid or provided by such Defendants for the benefit of Plaintiffs.

15.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate their damages.

16.     Defendant reserves the right to amend Defendant's answer to assert additional affirmative defenses it may have or discover in the course of this litigation.

### II-B.    DEFENDANT'S ATTORNEYS' FEES AND COSTS

17.     Defendant, N.F. Mgt., is entitled to an award of its reasonable and necessary attorneys' fees and costs under the Property Management Agreement and applicable law. Defendants, Texas Name Mercantile, Texas Name Limited, Anuar Name Yapur, Jesús Antonio Name Yapur, and Simón Name Yapur are entitled to an award of their reasonable and necessary attorneys' fees and costs of litigation under Section 82.161(b) of the Texas Property Code.

**WHEREFORE, PREMISES CONSIDERED**, Defendants, N.F. MGT., INC., TEXAS NAME MERCANTILE INVESTMENT, LLC, TEXAS NAME LIMITED, L.P., ANUAR NAME YAPUR, JESÚS NAME YAPUR, and SIMÓN NAME YAPUR respectfully pray that the Court:

- order that Plaintiffs take nothing on their claims against Defendants;

- award Defendants their reasonable and necessary attorneys' fees and costs;

- grant Defendants such other and further relief to which Defendants may justly be entitled to receive at law or in equity.

Dated:  February 9, 2024.                              Respectfully submitted,

By: ___/s/Ricardo G. Cedillo_____
     RICARDO G. CEDILLO
     Texas State Bar No. 04043600
     rcedillo@lawdcm.com
     BRANDY C. PEERY
     Texas State Bar No. 24057666
     bpeery@lawdcm.com
     ZACHARY K. GILBERT
     Texas Bar No. 24132118
     zgilbert@lawdcm.com
     **DAVIS, CEDILLO, & MENDOZA, INC.**
     McCombs Plaza, Suite 250
     755 E. Mulberry Avenue
     San Antonio, Texas 78212
     Telephone No.: (210) 822-6666
     Telecopier No.: (210) 660-3795

**ATTORNEYS FOR DEFENDANTS, N.F. MGT., INC. TEXAS NAME MERCANTILE INVESTMENT, LLC, TEXAS NAME LIMITED, L.P., ANUAR NAME YAPUR, JESÚS NAME YAPUR, and SIMÓN NAME YAPUR**

*-and-*

By: ___/s/David S. Angulo_____
     STEVE A. CHISCANO
     schiscano@gcaklaw.com
     DAVID S. ANGULO
     dangulo@gcaklaw.com
     **GONZALEZ, CHISCANO, ANGULO, & KASSON, P.C.**
     9601 McAllister Freeway, Suite 401
     San Antonio, Texas 78216
     Telephone: (210)569-8500
     Facsimile: (210) 569-8490

**ATTORNEYS FOR DEFENDANT, N.F. MGT. INC.**

## CERTIFICATE OF SERVICE

I certify that on the 9th day of February 2024 a true and correct copy of the foregoing was electronically via the CM/ECF System to all counsel of record.

    /s/Ricardo G. Cedillo
RICARDO G. CEDILLO